IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 1:12-CR-515 |
| v. | ) | |
| | ) | The Honorable Gerald Bruce Lee |
| ROBERT EDWIN STEELE, | ) | |
| | ) | Trial Date: April 29, 2013 |
| Defendant. | ) | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS WITH CITATIONS

Under Federal Rule of Criminal Procedure 30, the government respectfully

requests the Court to include in its charge to the jury the attached instructions, and

further reserves the right to file any supplemental instructions as may appear

necessary and proper.

Respectfully submitted,

Neil H. MacBride
United States Attorney

By:        /s/
Alexander T.H. Nguyen
Assistant United States Attorney
Jonathan S. Keim
Special Assistant United States Attorney (LT)
United States Attorney's Office
Justin W. Williams Office Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700
Fax: 703-299-3981
Email: alexander.nguyen@usdoj.gov
Email: jonathan.keim@usdoj.gov

# **Table of Contents**

SECTION ONE: GENERAL INSTRUCTIONS ........................................................ 6

INSTRUCTION NO. 1 .................................................................................. 7

Introduction to the Final Charge—Province of the Court and of the Jury .......... 7

INSTRUCTION NO. 2 .................................................................................. 9

Judging the Evidence ............................................................................ 9

INSTRUCTION NO. 3 .................................................................................. 10

Evidence Received in the Case—Stipulations, Judicial Notice, and Inferences
Permitted ............................................................................................ 10

INSTRUCTION NO. 4 .................................................................................. 12

Direct and Circumstantial Evidence ...................................................... 12

INSTRUCTION NO. 5 .................................................................................. 13

Inferences from the Evidence ................................................................ 13

INSTRUCTION NO. 6 .................................................................................. 14

Evidence Admitted for a Limited Purpose Only ................................... 14

INSTRUCTION NO. 7 .................................................................................. 15

Jury's Recollection Controls ................................................................. 15

INSTRUCTION NO. 8 .................................................................................. 16

The Question Is Not Evidence ............................................................... 16

INSTRUCTION NO. 9 .................................................................................. 17

Credibility of Witnesses—Generally ..................................................... 17

INSTRUCTION NO. 10 ................................................................................ 19

Credibility of Witnesses—The Defendant as a Witness ...................... 19

INSTRUCTION NO. 11 ................................................................................ 20

Effect of the Defendant's Decision Not to Testify ................................ 20

INSTRUCTION NO. 12 ................................................................................ 21

Character Evidence Offered by the Defendant ..................................... 21

INSTRUCTION NO. 13 ................................................................................ 22

Charts and Summaries—Admitted; Not Admitted ............................... 22

INSTRUCTION NO. 14......................................................................................23

   Opinion Evidence—The Expert Witness ............................................................23

INSTRUCTION NO. 15......................................................................................24

   Tape Recordings and Typewritten Transcripts.................................................24

INSTRUCTION NO. 16......................................................................................25

   Objections and Rulings.........................................................................................25

INSTRUCTION NO. 17......................................................................................26

   Court's Comments to Counsel ..............................................................................26

INSTRUCTION NO. 18......................................................................................27

   Court's Questions to Witnesses...........................................................................27

INSTRUCTION NO. 19......................................................................................28

   Court's Comments on Certain Evidence.............................................................28

SECTION TWO: CHARGES AGAINST THE DEFENDANT ...................................29

INSTRUCTION NO. 20......................................................................................30

   The Indictment Is Not Evidence .........................................................................30

INSTRUCTION NO. 21......................................................................................31

   Consider Only the Offense Charged ...................................................................31

INSTRUCTION NO. 22......................................................................................32

   Consider Each Count Separately ........................................................................32

INSTRUCTION NO. 23......................................................................................33

   "On or About"—Explained....................................................................................33

INSTRUCTION NO. 24......................................................................................34

   Presumption of Innocence—Burden of Proof.....................................................34

INSTRUCTION NO. 25......................................................................................36

   Disjunctive Proof—Explained .............................................................................36

INSTRUCTION NO. 26......................................................................................37

   The Nature of the Offense Charged—Counts One and Two...............................37

INSTRUCTION NO. 27......................................................................................38

   The Statutes Defining the Offense Charged—Counts One and Two .................38

INSTRUCTION NO. 28.................................................................................... 39

   Elements of the Offenses Charged—Counts One and Two ................................ 39

INSTRUCTION NO. 29.................................................................................... 40

   "Transmits By Means of Wire, Radio, or Television Communication in

   Interstate Commerce"—Defined ......................................................................... 40

INSTRUCTION NO. 30.................................................................................... 43

   Each Transmission by Wire Communication in Interstate Commerce
   — Defined............................................................................................................... 43

INSTRUCTION NO. 31.................................................................................... 44

   "Any Scheme or Artifice to Defraud" and "False or Fraudulent Pretenses,

   Representations or Promises"—Defined.............................................................. 44

INSTRUCTION NO. 32.................................................................................... 46

   Intent to Defraud—Defined ................................................................................ 46

INSTRUCTION NO. 33.................................................................................... 47

   "Materiality"—Defined ....................................................................................... 47

INSTRUCTION NO. 34.................................................................................... 48

   "Attempt"—Explained ........................................................................................ 48

INSTRUCTION NO. 35.................................................................................... 50

   The Nature of the Offense Charged—Counts Three through Sixteen .............. 50

INSTRUCTION NO. 36.................................................................................... 52

   The Statute Defining the Offense Charged—Counts Three through Sixteen ... 52

INSTRUCTION NO. 37.................................................................................... 53

   The Essential Elements of the Offense Charged—Counts Three through
   Sixteen................................................................................................................... 53

INSTRUCTION NO. 38.................................................................................... 54

   "Computer"—Defined .......................................................................................... 54

INSTRUCTION NO. 39.................................................................................... 55

   "Protected Computer"—Defined ......................................................................... 55

INSTRUCTION NO. 40.................................................................................... 56

   Definition of "Interstate Commerce" and "Foreign Commerce" ........................ 56

INSTRUCTION NO. 41................................................................................57

"For Purposes of Commercial Advantage or Private Financial Gain"—Defined 57

INSTRUCTION NO. 42................................................................................58

"Value of the Information Obtained"—Defined................................................58

INSTRUCTION NO. 43................................................................................60

"Obtaining Information"—Defined ................................................................60

INSTRUCTION NO. 44................................................................................61

"Committed in Furtherance"— Defined ........................................................61

INSTRUCTION NO. 45................................................................................63

Unanimity—Explained................................................................................63

INSTRUCTION NO. 46................................................................................64

"Knowingly"—Defined ................................................................................64

INSTRUCTION NO. 47................................................................................65

"Intentionally"—Defined ............................................................................65

INSTRUCTION NO. 48................................................................................66

Proof of Knowledge or Intent ......................................................................66

SECTION THREE: DELIBERATIONS ..................................................................67

INSTRUCTION NO. 49................................................................................68

Verdict—Election of Foreperson—Duty to Deliberate—Unanimity—
Punishment—Form of Verdict—Communication with the Court .....................68

INSTRUCTION NO. 50................................................................................71

Exhibits During Deliberations ....................................................................71

# SECTION ONE: GENERAL

# INSTRUCTIONS

INSTRUCTION NO. 1

Introduction to the Final Charge—Province of the Court and of the Jury

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case. You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court—those given to you at the beginning of the trial, those given to you during the trial, and these final instructions—must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel may quite properly refer to some of the applicable rules of law in their closing arguments to you. If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the Court

just as it would be a violation of your sworn duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as juror for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the indictment and the plea of not guilty by the defendant.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice—through trial by jury—depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12.01 (6th ed. 2008) (modified to reflect jury instructions given to jury before closing arguments).

INSTRUCTION NO. 2

Judging the Evidence

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case. Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so. If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12.02 (6th ed. 2008).

INSTRUCTION NO. 3

Evidence Received in the Case—
Stipulations, Judicial Notice, and Inferences Permitted

The evidence in this case consists of the sworn testimony of the witnesses—regardless of who may have called them—all exhibits received in evidence—regardless of who may have produced them—all facts which may have been agreed to or stipulated and all facts and events which may have been judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved. You are not required to do so, however, since you are the sole judge of the facts.

The Court has taken judicial notice of certain facts or events. When the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as proved the fact or event which has been judicially noticed. You are not required to do so, however, since you are the sole judge of the facts.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded by you. Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case unless made as an admission or stipulation of fact. You are to base your verdict only on the evidence received in the case. In your consideration of the evidence received, however, you are not limited to the bald statements of the

witnesses or to the bald assertions in the exhibits. In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted. You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 12:03 (6th ed. 2008).

INSTRUCTION NO. 4

Direct and Circumstantial Evidence

There are two types of evidence which are generally presented during a trial—direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact. The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case.

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12:04 (6th ed. 2008).

INSTRUCTION NO. 5

Inferences from the Evidence

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12:05 (6th ed. 2008).

<u>INSTRUCTION NO. 6</u>

<u>Evidence Admitted for a Limited Purpose Only</u>

In certain instances evidence may be admitted only for a particular purpose and not generally for all purposes.

For the limited purpose for which this evidence has been received you may give it such weight as you feel it deserves. You may not, however, use this evidence for any other purpose not specifically mentioned.

1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 11:09 (6th ed. 2008) (modified to omit references to multiple defendants).

## INSTRUCTION NO. 7

### Jury's Recollection Controls

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 12:07 (6th ed. 2008).

## INSTRUCTION NO. 8

### The Question Is Not Evidence

The questions asked by a lawyer for either party to this case are not evidence.

If a lawyer asks a question of a witness which contains an assertion of fact,

therefore, you may not consider the assertion by the lawyer as any evidence of that

fact. Only the answers are evidence.

1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 12:08 (6th ed. 2008).

INSTRUCTION NO. 9

Credibility of Witnesses—Generally

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight, if any, that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness's testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon human experience. In weighing the effect of a discrepancy,

17

however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide whether the government has proven the charges beyond a reasonable doubt.

1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 15:01 (6th ed. 2008).

INSTRUCTION NO. 10

Credibility of Witnesses—The Defendant as a Witness

(If Appropriate)

You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness in this case.

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 15:12 (6th ed. 2008).

## INSTRUCTION NO. 11

### Effect of the Defendant's Decision Not to Testify

### (If Appropriate)

The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that the defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 15:14 (6th ed. 2008).

INSTRUCTION NO. 12

Character Evidence Offered by the Defendant

(If Applicable)

The defendant has offered evidence of his good general reputation for [truth and veracity] [honesty and integrity] [being a law-abiding citizen]. The jury should consider this evidence along with all the other evidence in the case in reaching its verdict.

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 15:15 (6th ed. 2008)

<u>INSTRUCTION NO. 13</u>

<u>Charts and Summaries—Admitted; Not Admitted</u>

Charts or summaries have been prepared by the government, have been admitted into evidence and have been shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, or other documents which are also evidence in the case. You may consider the charts and summaries as you would any other evidence admitted during the trial and give them such weight or importance, if any, as you feel they deserve.

Any charts and summaries that were not admitted into evidence are used only as a matter of convenience for you and to the extent that you find that they are not, in truth, summaries of facts or figures shown by the evidence in the case, you can disregard them entirely.

1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 14:02 (6th ed. 2008) (first paragraph); adapted from *id.* (second paragraph).

INSTRUCTION NO. 14

Opinion Evidence—The Expert Witness

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial. An exception to this rule exists as to those persons who are described as "expert witnesses." An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you may think it deserves. You should consider the testimony of expert witnesses just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence [including that of other "expert witnesses"], you may disregard the opinion in part or in its entirety.

As I have told you several times, you—the jury—are the sole judges of the facts in this case.

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 14:01 (6th ed. 2008).

23

INSTRUCTION NO. 15

Tape Recordings and Typewritten Transcripts

Tape recordings of conversations have been received in evidence and have been played for you. Typewritten transcripts of these tape recorded conversations have been furnished to you solely for your convenience in assisting you in following the conversation or in identifying the speakers.

The tapes themselves, however, are evidence in the case and the typewritten transcripts are not evidence. What you hear on the tapes is evidence. What you read on the transcript is not. If you perceive any variation between the two, you will be guided solely by the tapes and not by the transcripts.

If you cannot, for example, determine from the tape recording that particular words were spoken or if you cannot determine from the tape recording who said a particular word or words, you must disregard the transcripts insofar as those words or that speaker are concerned.

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 14:09 (6th ed. 2008).

INSTRUCTION NO. 16

Objections and Rulings

Testimony and exhibits can be admitted into evidence during a trial only if it meets certain criteria or standards. It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law. Only by raising an objection can a lawyer request and then obtain a ruling from the Court on the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or his client because the attorney has made an objection.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question regarding that particular piece of testimony or exhibit.

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 11:03 (6th ed. 2008).

## INSTRUCTION NO. 17

### Court's Comments to Counsel

It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something which I feel is not in keeping with the rules of evidence or procedure.

You are to draw absolutely no inference against the side to whom an admonition of the Court may have been addressed during the trial of this case.

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 11:04 (6th ed. 2008).

INSTRUCTION NO. 18

Court's Questions to Witnesses

During the course of a trial, I may occasionally ask questions of a witness. Do not assume that I hold any opinion on the matters to which my questions may relate. The Court may ask a question simply to clarify a matter—not to help one side of the case or hurt the other side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 11:05 (6th ed. 2008).

<u>INSTRUCTION NO. 19</u>

<u>Court's Comments on Certain Evidence</u>

The law of the United States permits a federal judge to comment to the jury on the evidence in a case. Such comments are, however, only expressions of my opinion as to the facts and the jury may disregard them entirely. You, as jurors, are the sole judges of the facts in this case. It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow the Court's instructions concerning the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in the case.

1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 11:06 (6th ed. 2008).

# SECTION TWO: CHARGES

# AGAINST THE DEFENDANT

INSTRUCTION NO. 20

The Indictment Is Not Evidence

An indictment is only a formal method used by the government to accuse a defendant of crimes. It is not evidence of any kind against the defendant. The defendant is presumed to be innocent of the crimes charged. Even though this indictment has been returned against the defendant, the defendant begins this trial with absolutely no evidence against him.

The defendant has pled "Not Guilty" to this indictment and, therefore, denies that he is guilty of the charges.

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 13:04 (6th ed. 2008).

<u>INSTRUCTION NO. 21</u>

<u>Consider Only the Offense Charged</u>

The defendant is not on trial for any act or any conduct not specifically charged in the indictment.

1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 12:09 (6th ed. 2008).

## INSTRUCTION NO. 22

### Consider Each Count Separately

A separate crime is charged in each count of the indictment. Each charge, and the evidence pertaining to it, should be considered separately by the jury. The fact that you may find the defendant guilty or not guilty as to one of the counts should not control your verdict as to any other count.

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12:12 (6th ed. 2008).

INSTRUCTION NO. 23

"On or About"—Explained

The indictment charges that the offenses alleged were committed "on or about" certain dates. Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 13:05 (6th ed. 2008).

INSTRUCTION NO. 24

Presumption of Innocence—Burden of Proof

I instruct you that you must presume the defendant to be innocent of the crimes charged. Thus the defendant, although accused of crimes in the indictment, begins the trial with a "clean slate"—with no evidence against him. The indictment, as you already know, is not evidence of any kind. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant. The presumption of innocence alone, therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt.

Unless the government proves, beyond a reasonable doubt, that the defendant has committed each and every element of the offense charged in the indictment, you must find the defendant not guilty of that offense. If the jury views the evidence in the case as reasonably permitting either of two conclusions—one of


innocence, the other of guilt—the jury must, of course, adopt the conclusion of

innocence.

1A O'Malley, Grenig and Lee, <u>Federal Jury Practice & Instructions</u>, § 12:10 (6th ed. 2008) ("reasonable doubt" definition deleted in paragraph three); <u>United States v. Williams</u>, 152 F.3d 294, 298 (4th Cir. 1998) (the trial court is not required to define reasonable doubt as a matter of course so long as the jury is instructed that a defendant's guilt must be proven beyond a reasonable doubt).

INSTRUCTION NO. 25

Disjunctive Proof—Explained

Before I discuss the elements of the offenses charged in the indictment, I want to instruct you on the meaning of the word "and" when it is used in statutes or indictments. Where a statute specifies several alternative ways in which an offense may be committed, the indictment may allege the several ways in the conjunctive, that is, by using the word "and." If only one of those alternatives is proved beyond a reasonable doubt, that is sufficient for conviction.

See, e.g., United States v. Rhynes, 196 F.3d 207, 242 (4th Cir. 1999) (where a statute is worded in the disjunctive, federal pleading requires the government to charge in the conjunctive; however, the district court can instruct the jury in the disjunctive), vacated in part on other grounds, 210 F.3d 310 (2000); United States v. Simpson, 228 F.3d 1294, 1300 (11th Cir. 2000) ("[T]he law is well established that where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means, and accordingly the jury instruction may properly be framed in the disjunctive.").

INSTRUCTION NO. 26

The Nature of the Offense Charged—Counts One and Two

(Wire Fraud)

Counts One and Two of the Indictment charge that from in or about November 2010 through on or about September 2, 2011, defendant ROBERT EDWIN STEELE devised and intended to devise a scheme to defraud ███ ████████ and ██████████████, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

On or about each of the dates set forth below, in the Eastern District of Virginia and elsewhere, defendant ROBERT EDWIN STEELE, for the purpose of executing the scheme described in the indictment, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| Count | Date | Description |
|-------|------|-------------|
| 1 | 2/11/2011 | Email from defendant ROBERT EDWIN STEELE to ███ ████████████ falsely claiming that he was planning to comply with his non-disclosure agreement. |
| 2 | 2/15/2011 | Email from defendant ROBERT EDWIN STEELE to ███ ████████████ falsely claiming that he was planning to maintain the commitments contained in his non-disclosure agreement. |

Adapted from the indictment; 18 U.S.C. §§ 1343 and 1349.

INSTRUCTION NO. 27

The Statutes Defining the Offense Charged—Counts One and Two

(Wire Fraud)

Section 1343 of Title 18 of the United States Code provides, in relevant part, that:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice [shall be guilty of a federal offense].

The law also prohibits attempted wire fraud. Thus, Section 1349 of Title 18 of the United States Code provides, in relevant part, that:

> Any person who attempts . . . to commit [wire fraud] shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt.

18 U.S.C. §§ 1349 and 1343.

<u>INSTRUCTION NO. 28</u>

<u>Elements of the Offenses Charged—Counts One and Two</u>

(Wire Fraud)

In order to sustain its burden of proof for the crime of using a wire communication in interstate commerce to further a scheme or plan to defraud, and to obtain money or property by means of false or fraudulent pretenses, representations, or promises as charged in Counts One and Two of the indictment, the government must prove the following four essential elements beyond a reasonable doubt:

<u>One</u>:    The defendant knowingly devised a scheme or artifice to defraud, and to obtain money and property by means of material false or fraudulent pretenses, representations, or promises as detailed in Counts One and Two of the indictment;

<u>Two</u>:    The scheme or artifice to defraud or the pretenses, representations, or promises were material, that is, they would reasonably influence a person to part with money or property;

<u>Three</u>:    The defendant did so with the intent to defraud; and

<u>Four</u>:    In advancing, or furthering, or carrying out this scheme or artifice to defraud, and to obtain money or property by means of false or fraudulent pretenses, representations, or promises, the defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

2A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 47:07 (6th ed. 2008).

<u>INSTRUCTION NO. 29</u>

<u>"Transmits By Means of Wire, Radio, or Television Communication in</u>

<u>Interstate Commerce"—Defined</u>

The phrase "transmits by means of wire, radio, or television communication in interstate commerce" means to send from one state to another by means of telephone or telegraph lines or by means of radio or television. E-mails are wire communications.

The phrase "transmits by means of wire, radio, or television communication in interstate commerce" includes a telephone conversation by a person in one state with a person in another state.

The use of a wire, radio, or television communication facility in interstate commerce is an essential element of the offense of wire fraud as charged in Counts One and Two of the indictment. The government need not prove that the defendant actually used a wire communication in interstate commerce or that the defendant even intended that anything be transmitted in interstate commerce by means of a wire, radio, or television communication to further, or to advance, or to carry out the scheme or plan to defraud or scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises.

The government must prove beyond a reasonable doubt, however, that a transmission by a wire, radio, or television communication facility in interstate commerce was, in fact, used in some manner to further, or to advance, or to carry out the scheme to defraud or to obtain money or property by means of false or

fraudulent pretenses, representations, or promises. The government must also prove that the use of the wire, radio, or television communication in interstate commerce would follow in the ordinary course of business or events or that the use of the wire, radio, or television communication facility in interstate commerce by someone was reasonably foreseeable.

It is not necessary for the government to prove that the information transmitted by means of wire, radio, or television communication in interstate commerce itself was false or fraudulent or contained any false or fraudulent pretense, representation, or promise, or contained any request for money or thing of value.

The government must prove beyond a reasonable doubt, however, that the use of the wire, radio, or television communication in interstate commerce furthered, or advanced, or carried out, in some way, the scheme or plan to defraud or scheme or plan to obtain money or property by means of false or fraudulent pretenses, representations, or promises. An interstate email intended to lull the victims into a false sense of security, or to conceal the fraud or postpone its detection, or to make detection less likely, constitutes a wire communication for the purpose of executing the scheme to defraud.

2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 47.08 (6th ed. 2008) (modified to state that emails are wire communications). United States v. Sanchez, 2012 WL 5861659 (5th Cir. 2012) (finding emails could constitute interstate wires); United States v. Williams, 492 F. App'x 777 (9th Cir. 2012) (finding emails to be basis of wire fraud); United States v. Andrews, 681 F.3d 509, 528 (3d Cir. 2012) (wires and faxes could be interstate wires); United States v. Telfair, 473 F. App'x 867, 873 (11th Cir. 2012) (emails as basis of wire fraud); United States v. Price, 374 F. App'x 189, 190 (2d Cir. 2010) (same); Adapted from Mod. Crim. Jury Instr. 3rd Cir. 6.18.1341-5; United States v. Lane, 474 U.S. 438, 451-53 (1986); United States v. Sampson, 371 U.S. 75, 80-81 (1962); United States v. Wynn, 684 F.3d 473, 479 (4th Cir. 2012); United States v. Titus, 475 F. App'x 826, 839 (4th Cir. 2012) (lulling payments to defendant's other victims, after obtaining mortgage loans supported conviction of conspiracy to commit mail and wire fraud); United States v. Stewart, 185 F. App'x 276 (4th Cir. 2006) (letters designed to forestall recalling of a loan were lulling and supported wire fraud conviction); Wiltsey v. United States, 222 F.2d 600 (4th Cir. 1955) (telegrams sent after fraud sufficient for wire fraud conviction: "It is perfectly clear, however, that [the telegrams] were 'lulling' telegrams sent for the purpose of conveying assurances to the victims of the fraud and to prevent action on their part which might have interfered with the carrying out of the scheme.").

INSTRUCTION NO. 30

Each Transmission by Wire Communication in

Interstate Commerce—Defined

Each transmission by wire, radio, or television communication in interstate commerce to advance, or to further, or to carry out the scheme or plan to defraud or to obtain money or property by means of false or fraudulent pretenses, representations, or promises may be a separate violation of the wire fraud statute.

2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 47.15 (6th ed. 2008).

<u>INSTRUCTION NO. 31</u>

<u>"Any Scheme or Artifice to Defraud" and "False or Fraudulent Pretenses,</u>

<u>Representations or Promises"—Defined</u>

The phrase "any scheme or artifice to defraud" or "any scheme or artifice for

obtaining money or property" means any deliberate plan of action or course of

conduct by which someone intends to deceive or to cheat another or by which

someone intends to deprive another of something of value.

The term "false or fraudulent pretenses, representations, or promises" means

a statement or an assertion which concerns a material or important fact or a

material or important aspect of the matter in question and that was either known to

be untrue at the time that it was made or used, or that was made or used with

reckless indifference as to whether it was, in fact, true or false, and made or used

with the intent to defraud. A material fact is a fact that would be of importance to a

reasonable person in making a decision about a particular matter or transaction.

The term "false or fraudulent pretenses, representations, or promises"

includes actual, direct false statements as well as half-truths, and includes the

knowing concealment of facts that are material or important to the matter in

question and that were made or used with the intent to defraud.

It is not necessary for the government to prove that the defendant was

actually successful in defrauding anyone or successful in obtaining money or

property by means of false or fraudulent pretenses, representations, or promises. It

is not necessary for the government to prove that anyone lost any money or property

as a result of the scheme or plan to defraud or to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

An unsuccessful scheme or plan to defraud or to obtain money or property by means of false or fraudulent pretenses, representations, or promises is as illegal as a scheme or plan that is ultimately successful.

2A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 47.13 (6th ed. 2008).

INSTRUCTION NO. 32

Intent to Defraud—Defined

To act with an "intent to defraud" means to act knowingly and with the intention or the purpose to deceive or to cheat.

An intent to defraud is accompanied, ordinarily, by a desire or a purpose to bring about some gain or benefit to oneself or some other person or by a desire or a purpose to cause some loss to some person.

2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 47.14 (6th ed. 2008).

INSTRUCTION NO. 33

"Materiality"—Defined

A statement or representation is "material" if it has a natural tendency to influence or is capable of influencing a decision or action.

To be "material" it is not necessary that the statement or representation, in fact, influence or deceive.

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 16:11 (6th ed. 2008).

<u>INSTRUCTION NO. 34</u>

<u>"Attempt"—Explained</u>

In Counts One and Two of the indictment, the defendant is also charged with attempted wire fraud as an alternative theory of liability which simply is a different way of violating the same law. In order to sustain its burden of proof for the crime of attempting to commit wire fraud as charged in Counts One and Two of the indictment, the government must prove the following two essential elements beyond a reasonable doubt:

<u>One:</u>        The defendant intended to commit the crime of wire fraud; and

<u>Two:</u>        Thereafter, the defendant did an act constituting a substantial step towards the commission of that crime.

I have already instructed you on the essential elements of wire fraud. A defendant may be found guilty of attempting to commit a federal crime even though no one actually did all of the acts necessary in order to commit that crime. A defendant may not be found guilty of attempting to commit any crime, however, merely by thinking about it or even by making some plans or some preparation for the commission of a crime.

The difference between conduct which violates the law and conduct which does not violate the law, in this regard, is what is referred to as "a substantial step" towards the commission of a crime.

In determining whether or not the defendant took "a substantial step" towards the commission of a crime, you must consider all of the evidence admitted in the case concerning that defendant and the alleged commission of that crime.

In order to find the defendant guilty of committing the crime of attempted wire fraud, the government must prove beyond a reasonable doubt, that the mental processes of the defendant passed from the stage of thinking about the crime of wire fraud to actually intending to commit that crime and that the physical process of the defendant went beyond and passed from the stage of mere preparation to some firm, clear, and undeniable action to accomplish that intent.

2 O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 21:03 (elements of attempt) (modified to explain that attempts are an alternative theory of liability) and § 21:04 (substantial step defined) (6th ed. 2008).

INSTRUCTION NO. 35

The Nature of the Offense Charged—Counts Three through Sixteen

(Unauthorized Access of Protected Computer)

Counts Three through Sixteen of the Indictment charge that on or about the following instances, within the Eastern District of Virginia and elsewhere, the defendant, ROBERT EDWIN STEELE, intentionally accessed a computer without authorization, and thereby obtained the following information from a protected computer, and the offense was committed for purposes of commercial advantage and private financial gain, and the offense was committed in furtherance of a criminal and tortious act in violation of the Constitution and the laws of the United States and the laws of the Commonwealth of Virginia, specifically, wire fraud, in violation of Title 18, United States Code, Section 1343, and Grand Larceny, in violation of Va. Code Ann. §18.2-95, and the value of the information obtained exceeded $5,000.

| Count | Date | Company A Files Accessed |
|---|---|---|
| 3 | 12/16/2010 | ██████████████ file containing competitive employee information |
| 4 | 12/21/2010 | ██████████████ file containing competitive employee information |
| 5 | 2/7/2011 | ██████████████ file containing competitive employee information |
| 6 | 5/24/2011 | ██████████████ file related to upcoming Task Order bid and proposal and containing trade secrets and/or confidential proprietary business information |
| 7 | 5/24/2011 | ██████████████ file related to upcoming Task Order bid and proposal and containing trade secrets and/or confidential proprietary business information |
| 8 | 5/26/2011 | ██████████████ file related to upcoming Task Order bid and proposal and containing trade secrets and/or confidential proprietary business information |
| 9 | 5/27/2011 | ██████████████ files related to upcoming Task Order bid and proposal and containing trade secrets and/or |

| | | confidential proprietary business information |
|---|---|---|
| 10 | 5/31/2011 | ██████████ files related to upcoming Task Order bid and proposal and containing trade secrets and/or confidential proprietary business information |
| 11 | 6/11/2011 | ██████████ file containing competitive employee information |
| 12 | 6/13/2011 | ██████████ files related to upcoming Task Order bid and proposal and containing trade secrets and/or confidential proprietary business information |
| 13 | 6/15/2011 | ██████████ files related to upcoming Task Order bid and proposal and containing trade secrets and/or confidential proprietary business information |
| 14 | 6/15/2011 | ██████████ files related to upcoming Task Order bid and proposal and containing trade secrets and/or confidential proprietary business information |
| 15 | 6/16/2011 | ██████████ files related to upcoming Task Order bid and proposal and containing trade secrets and/or confidential proprietary business information |
| 16 | 7/2/2011 | ██████████ file containing competitive employee information |

Adapted from the indictment; 18 U.S.C. §§ 1030(a)(2)(C), (c)(2)(B)(i)-(iii).

<u>INSTRUCTION NO. 36</u>

<u>The Statute Defining the Offense Charged—Counts Three through Sixteen</u>

(Unauthorized Access of Protected Computer)

Section 1030(a)(2)(C) of Title 18 of the United States Code provides, in

relevant part, that:

> Whoever intentionally accesses a computer without authorization . . .
> and thereby obtains information from any protected computer [shall be
> guilty of a federal offense].

18 U.S.C. § 1030(a)(2)(C).

<u>INSTRUCTION NO. 37</u>

<u>The Essential Elements of the Offense Charged—Counts Three through Sixteen</u>

(Unauthorized Access of Protected Computer)

In order to sustain its burden of proof for the crime of unauthorized access of

a protected computer as charged in Counts Three through Sixteen of the

indictment, the government must prove the following essential elements beyond a

reasonable doubt:

<u>One</u>: The defendant intentionally accessed a computer without authorization;

<u>Two</u>: The defendant obtained from the computer the information detailed in Counts Three through Sixteen of the indictment by accessing a computer without authorization;

<u>Three</u>: The information obtained by the defendant was from any protected computer; and

<u>Four</u>: The offense was committed for purposes of commercial advantage or private financial gain; or the offense was committed in furtherance of any criminal or tortious act in violation of the Constitution or laws of the United States or of any State; or the value of the information obtained exceeds $5,000.

2A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 42:06 (6th ed. 2008) (modified to include <u>Apprendi</u> factors under 18 U.S.C. § 1030(c)(2)(B)).

INSTRUCTION NO. 38

"Computer"—Defined

The term "computer," as used in these instructions, means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 42:16 (6th ed. 2008).

INSTRUCTION NO. 39

"Protected Computer"—Defined

The term "protected computer," as used in these instructions, means a computer which is used in interstate or foreign commerce or communication.

2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 42:17 (6th ed. 2008) (modified by deleting the language that the computer was used exclusively for a financial institution or the United States Government); *see also* 18 U.S.C. § 1030(e)(2)(B).

<u>INSTRUCTION NO. 40</u>

<u>Definition of "Interstate Commerce" and "Foreign Commerce"</u>

The term "interstate commerce" means the movement of goods, financial assets and instruments, currency, or property from one state to another state; the term "foreign commerce" means the movement of property from one state to another country. The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

The Internet and email are all facilities, means, and/or instrumentalities affecting interstate commerce.

Adapted from 18 U.S.C. § 10; <u>United States v. Gibert</u>, 677 F.3d 613, 626 (4th Cir. 2012) (prohibited activity must have "connection with or effect on" interstate commerce); <u>United States v. MacEwan</u>, 445 F.3d 237, 245-46 (3d Cir. 2006) (Internet "inexorably intertwined with interstate commerce" as both a channel and instrumentality of interstate commerce); <u>Payne v. United States</u>, 2009 WL 2516332, *7 (N.D. Ind. 2009) (slip opinion) (use of the Internet for carrying out criminal activity has been recognized to constitute the "use of a facility of interstate commerce" required to support federal jurisdiction) (citing <u>United States v. Barlow</u>, 568 F.3d 215, 220 (5th Cir. 2009) ("it is beyond debate that the Internet and email are facilities or means of interstate commerce."); <u>United States v. Van Velkinburgh</u>, 342 Fed. Appx. 939 (5th Cir. 2009) ("The Internet and email are facilities or means of interstate commerce").

<u>INSTRUCTION NO. 41</u>

<u>"For Purposes of Commercial Advantage or Private Financial Gain"—Defined</u>

For purposes of commercial advantage or private financial gain means that the defendant acted with the purpose or intent to obtain some commercial or business benefit, or that he intended to personally obtain some financial benefit by his actions. It is not necessary for the government to prove that any advantage, profit, or gain was actually realized, or even that such advantage, profit, or gain was possible. It is sufficient that the government prove that the defendant acted for the purpose of obtaining a business or a financial benefit as the result of his actions.

Adapted from the indictment; <u>United States v. Batti</u>, 631 F.3d 371, 377 (6th Cir. 2011) (noting that 18 U.S.C. § 1030(c)(2)(B)(i) and (ii) derive from the copyright statute, 17 U.S.C. §  506(a) and the wiretap statute, 18 U.S.C. § 2511(1)(d)); <u>see</u> <u>United States v. Hux</u>, 940 F.3d 314, 319 (8th Cir. 1991), <u>overruled on other grounds</u>, <u>United States v. Davis</u>, 978 F.2d 415 (8th Cir. 1992); <u>United States v. Taxe</u>, 380 F. Supp. 1010, 1018 (C.D.Cal. 1974), <u>aff'd</u>, 540 F.2d 961 (9th Cir. 1976), <u>cert. denied</u>, 429 U.S. 1040 (1977); <u>see also United States v. Shabazz</u>, 724 F.2d 1536 (11th Cir. 1984) (intent to make profit sufficient for conviction, even though defendant may not have made a profit); <u>United States v. Cross</u>, 816 F.2d 297, 301 (7th Cir. 1987) ("A conviction under [the copyright law] does not require that a defendant actually realize either a commercial advantage or private financial gain. It is only necessary that the activity be for the purpose of financial gain or benefit.")

<u>INSTRUCTION NO. 42</u>

<u>"Value of the Information Obtained"—Defined</u>

Counts Three through Sixteen charge ROBERT EDWIN STEELE, with intentionally accessing a computer without authorization and in excess of authorization, and that the value of the information obtained exceeded $5,000.

In determining whether the value of the information obtained exceeded $5,000, you may use any reasonable method to calculate the value, including revenue or the cost of development or production, where the information obtained does not have any readily ascertainable market value.

In making this determination, keep in mind that the government does not have to prove that the victim suffered any actual losses or that the value of the information illegally obtained was diminished as a result of the defendant's actions. The government also does not have to prove that the defendant somehow profited from his actions, or that the defendant knew the value of the information obtained exceeded $5,000, or that the defendant used the information obtained for any

particular purpose. To prove the value of the information obtained, it is enough that you use a method you consider reasonable to determine that the value of the information obtained exceeded $5,000.

18 U.S.C. § 1030(c)(2)(B)(iii); *United States v. Batti*, 631 F.3d 371, 376 (6th Cir. 2011) ("the 'value of the information obtained' bears no relation to whether that value was diminished by the defendant's actions."); *United States v. Willis*, 476 F.3d 1121, 1125-26 (10th Cir. 2007) ("[t]he government need not also prove that the defendant had the intent to defraud in obtaining the information or that the information was used to any particular ends. . . The defendant need not know that the value of the information obtained has a particular value, or any value, for that matter."); *see also United States v. Stegora*, 849 F.2d 291, 292 (8th Cir. 1988) (holding that, in the absence of market value, "any reasonable method may be employed" to assign a value to an item, including revenue and the cost of development and production); *United States v. Drebin*, 557 F.2d 1316, 1331 (9th Cir. 1977) (holding that a jury instruction allowing valuation by "any reasonable method" was proper); *United States v. Kwan*, 2003 WL 22973515, at *8-*9 (S.D.N.Y. Dec. 17, 2003) (allowing the use of the cost of production of stolen goods as a permissible valuation method).

INSTRUCTION NO. 43

"Obtaining Information"—Defined

"Obtaining information" includes mere observation or reading of the data. It is not necessary for the government to prove that the defendant physically removed data from the original location or transcribed the data.

S. Rep. No. 99-432, at 6 (1986); see also United States v. Nosal, 2013 WL 978226, at *10 n.5 (quoting S. Rep. No. 104-357, at 7 (1996) as stating that "'Information' as used in this subsection includes information stored in intangible form. Moreover, the term 'obtaining information' includes merely reading it. There is no requirement that the information be copied or transported. This is critically important because, in an electronic environment, information can be 'stolen' without asportation, and the original usually remains intact. This interpretation of 'obtaining information' is consistent with congressional intent expressed as follows with 1986 amendments to the Computer Fraud and Abuse statute: 'Because the premise of this subsection is privacy protection, the Committee wishes to make clear that 'obtaining information' in this context includes mere observation of the data. Actual asportation, in the sense of physically removing the data from its original location or transcribing the data, need not be proved in order to establish a violation of this subsection.'"; United States v. Tolliver, 2009 WL 2342639, at *5 (E.D. Pa. 2009).

<u>INSTRUCTION NO. 44</u>

<u>"Committed in Furtherance"— Defined</u>

Counts Three through Sixteen charge ROBERT EDWIN STEELE, with

intentionally accessing a computer without authorization and in excess of

authorization, and that the offense was committed in furtherance of a criminal and

tortious act in violation of the Constitution and the laws of the United States and

the laws of the Commonwealth of Virginia; specifically, wire fraud, as I have

previously defined it for you, or Grand Larceny, in violation of Va. Code Ann. § 18.2-

95.

The criminal and tortious act of Grand Larceny provides in part that:

[a]ny person who (i) commits larceny from the person of another of money or
other thing of value of $5 or more, (ii) commits simple larceny not from the
person of another of goods and chattels of the value of $200 or more, or (iii)
commits simple larceny not from the person of another of any firearm,
regardless of the firearm's value, shall be guilty of grand larceny....

If you believe from the evidence beyond a reasonable doubt that the

defendant took and carried away any of the property of ████████████ and/or

████████████, as charged in the indictment, and of a value of $200 or more,

against ████████████ and/or ████████████ will and without its consent,

and with the felonious intent to permanently deprive each company of his

ownership thereof, then this element of the offense is satisfied.

If you find that the government has failed to prove beyond a reasonable doubt

any one or more of the elements of the offense charged, then this element of the

offense is not satisfied.

Adapted from the indictment (first paragraph); VA. CODE. ANN. § 18.2-95; Va. Prac. Jury Instruction § 79:1 (last two paragraphs).

INSTRUCTION NO. 45

Unanimity—Explained

Each count of the indictment charges the defendant with a violation of federal law. The indictment alleges a number of separate means or methods by which the defendant is accused of violating the law.

The government is not required to prove all of the means or methods alleged in each count of the indictment.

Each juror must agree with each of the other jurors, however, that the same means or methods alleged in each count of the indictment was, in fact, engaged in or employed by the defendant in committing the crime charged in each count of the indictment. The jury need not unanimously agree on each means or method, but, in order to convict, must unanimously agree upon at least one such means or method as one engaged in by the defendant.

Unless the government has proven the same means or method to each of you, beyond a reasonable doubt, you must acquit the defendant of the crime charged in the count of the indictment.

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 13:07 (6th ed. 2008).

INSTRUCTION NO. 46

"Knowingly"—Defined

The term "knowingly", as used in these instructions to describe the alleged state of mind of defendant, means that he was conscious and aware of his omission, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 17:04 (6th ed. 2008).

<u>INSTRUCTION NO. 47</u>

<u>"Intentionally"—Defined</u>

The term "intentionally", as used in these instructions to describe the alleged state of mind of the defendant as to Counts Three through Sixteen, refers to intentional acts of unauthorized access, rather than mistaken, inadvertent, or careless ones.

Adapted from S. Rep. No. 432, 99th Cong., 2d Sess., *reprinted in* 1986 U.S.C.C.A.N. 2479, 2483-84 (the "'intentional' standard is designed to focus Federal criminal prosecutions on those whose conduct evinces a clear  intent to enter, without proper authorization, computer files or data belonging to another."); *United States v. Willis*, 476 F.3d 1121, 1125 n.1 (10th Cir. 2007) (noting that the legislative history of § 1030(a)(2)(C) reflects that in 1986, Congress changed the intent standard in §1030(a)(2) from "knowingly" to "intentionally" to emphasize that "intentional acts of unauthorized access—rather than mistaken, inadvertent, or careless ones—are precisely what the Committee intends to proscribe.").

INSTRUCTION NO. 48

Proof of Knowledge or Intent

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 17:07 (6th ed. 2008).

# SECTION THREE:

# DELIBERATIONS

## INSTRUCTION NO. 49

### Verdict—Election of Foreperson—Duty to Deliberate—Unanimity—Punishment—Form of Verdict—Communication with the Court

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I

have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any form of verdict, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return. What the verdict shall be is the exclusive duty and responsibility of the jury. As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offenses charged.

A form of verdict has been prepared for your convenience.

[The form of verdict should be read to the jury]

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson write your verdict, on the form, date and sign the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

You will note from the oath about to be taken by the Court Security Officers that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person—not even to the Court—how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 20:01 (6th ed. 2008).

INSTRUCTION NO. 50

Exhibits During Deliberations

I am sending the exhibits which have been received in evidence during the trial with you as you retire for your deliberations.

Derived from 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 20:04 (6th ed. 2008) (instruction does not state that the exhibits are being provided to the jurors during deliberations).

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2013, I will electronically file the foregoing

with the Clerk of Court using the CM/ECF, which will then send a notification of

such filing (NEF) to the following:

Christopher Bryan Amolsch, Esq.
Law Office of Christopher Amolsch
910 King St.
Alexandria, VA 22314
chrisamolsch@yahoo.com

Frank Salvato
1203 Duke St.
Alexandria, VA  22314
frank@salvatolaw.com

By: _____ /s/ _____
        Alexander T.H. Nguyen
        Assistant United States Attorney
        Jonathan Keim
        Special Assistant United States Attorney (LT)
        United States Attorney's Office
        Justin W. Williams Office Building
        2100 Jamieson Ave.
        Alexandria, Virginia 22314-5794
        Phone: 703-299-3700
        Fax: 703-299-3981
        Email: alexander.nguyen@usdoj.gov
        Email: jonathan.keim@usdoj.gov